MUÑOZ, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 512.—Decided January 16, 1922.

COMMUNITY PROPERTY — MORTGAGE — LIQUIDATION OF COMMUNITY. — A property being recorded as community property, a mortgage created by the widow on her undivided half interest therein is recordable, but the record must be made subject to the liquidation of the community.

The facts are stated in the opinion.
*Mr. F. González* for the appellant.
The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

There was presented for record in the Registry of Property of Caguas a deed executed by Rosario Carrión, widow of Dávila, in favor of Mercedes Muñoz Barrios, by which the former mortgaged to the latter an undivided half interest in a certain rural property. The registrar refused to record the mortgage "because it is observed that the property is recorded in the name of Rosario Carrión Cruz, the wife of Nemesio Dávila Villafañe, and it does not appear in the

registry that the community between them has been liquidated.''

From that decision the present administrative appeal was taken and the mortgage deed was exhibited, together with a certificate issued by the Registrar of Caguas to the effect that the property in question, according to the second record thereof, was acquired by purchase on April 3, 1893, by Rosario Carrión y Cruz, represented by her lawful husband, Nemesio Dávila Villafañe, and that Nemesio Dávila Villafañe having died intestate on April 3, 1899, and the District Court of Humacao having designated his fifteen children as his heirs, one of them asked for and obtained the record in his name of an undivided one-thirtieth of the property in question.    See *Dávila* v. *Registrar of Caguas*, 28 P. R. R. 183.

These being the facts, it is necessary to conclude that the registrar erred in refusing to record the mortgage in question.    This case is similar to that of *Becerra* v. *Registrar of Guayama*, 28 P. R. R. 770, cited with approval in *Allende* v. *Registrar of San Juan*, 28 P. R. R. 529.    Following the reasoning in the *Becerra Case*, we may say that the property in question was already of record in the name of Rosario Carrión, presumably as community property because it was acquired for a valuable consideration during wedlock.    The children of the husband had been designated as his sole and universal heirs.    The wife continued to be the record owner of an undivided one-half of the community property, subject, of course, to the result of the liquidation of the conjugal partnership.    See the case of *Santini et al.* v. *Díaz San Miguel et al.*, 27 P. R. R. 746.    The mortgage created in this case covers only the undivided half interest belonging to the wife according to the registry.

We insist that the better practice in this class of cases is to liquidate duly and clearly the conjugal partnership and then make the corresponding record in the registry.    In this manner the rights of the interested persons are fixed in a

more specific and definite manner and future confusion and complications are avoided. But if a creditor accepts as security a right which appears from the registry, although later it may prove to be illusory, the registrar should not obstruct the transaction. Presumably Rosario Carrión is the owner of an undivided half of the property and as such owner she can freely sell or mortgage that interest.

By virtue of all of the foregoing the decision appealed from must be reversed and the record ordered, subject to the outcome of the liquidation of the community in question and with the curable defect pointed out by the registrar in his decision which has not been referred to by the appellant.

*Reversed.*

Justices Wolf, Aldrey and Hutchison concurred.